IN THE UNITED STATES DISTRICT COURT

FOR THE Texas Western DISTRICT OF

San Antonio, TX

FILED

NOV 27 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
               DEPUTY CLERK

John W Kraft (pro se)   (Your Name),
            Movant

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
            Respondent

SA24MC1366 OG

MOTION FOR ORDER
PURSUANT TO CUSTOMER CHALLENGE PROVISIONS
OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

I, John W Kraft, (your name) move this Court, pursuant to Section 1110 of the Right to Financial Privacy Act of 1978, 12 U.S.C. 3410, for an order preventing the government from obtaining access to my financial records. The agency seeking access is the United States Securities and Exchange Commission.

My financial records are held by:

Bank of America, 100 North Tryon Street, Charlotte, NC 28255

I have attached my sworn statement in support of this motion. Please see the attached page.

Respectfully submitted,

/s/ John W Kraft
JOHN W KRAFT
219 N. Alamo St, 401
San Antonio, TX 78205
(210) 705-3939
(Your Signature, Name, Address,
and Telephone Number)

IN THE UNITED STATES DISTRICT COURT

FOR THE Texas Western DISTRICT OF

San Antonio, TX

<u>John W Kraft (pro se)</u>     (Your Name),
    Movant

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
    Respondent

I, John W Kraft (your name), (am now/was previously) a customer of:

Bank of America, 100 North Tryon Street, Charlotte, NC 28255

and I am the customer whose records are being requested by the United States Securities and Exchange Commission.

The financial records sought by the United States Securities and Exchange Commission are not relevant to the legitimate law enforcement inquiry stated in the Customer Notice that was sent to me for four reasons:
1. In the Subject of this subpoena "In the Matter of PIP High Yield Initiative, NY-10922" - "PIP" refers to business undertaken by a company called Phan Rang, from which I am (indirectly) a borrower in good standing. And the loan is not, to my knowledge, part of "PIP".
2. The relationship I have (indirectly) with the entity in question under the subpoena titled "In the Matter of PIP High Yield Initiative, NY-10922" is as a borrower from the entity. The loan is in good standing and is not/has never been in default.
3. The request for personal records is irrelevant also because the loan mentioned above was not made to me personally. And I have never transacted personally with the entity in question under subpoena mentioned in item one above – PIP NY 10922.
4. According to my non-attorney review of the rules cited in the Bank of America subpoena - (Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 thereunder) - the lender borrower relationship described herein did/does not include or contemplate anything related to these rules, at least that I am aware of. So, therefore, my personal bank information is again irrelevant.

I declare under the penalty of perjury that this statement foregoing is true and correct to the best of my knowledge. (signature follows next page)

_____
(signature)

Dated: 11/21/24

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that I have mailed or delivered a copy of the attached motion and sworn statement to:

Liora Sukhatme, Esq.
Assistant Regional Director New York Regional Office
Securities and Exchange Commission 100 Pearl Street, Suite 20-100 New York, NY 10004-2616

And

Melinda Hardy, Esq.
Assistant General Counsel Securities and Exchange Commission
100 F St., N.E.
Washington, D. C. 20549

(names of officials listed at Item 3 of Customer Notice) on  22 NOV (date).

_____
(Signature)



**NEW YORK
REGIONAL OFFICE**

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

## CUSTOMER NOTICE

### November 18, 2024

<u>Via UPS and Email (JWK@JWKCAP.COM)</u>

Mr. John W. Kraft
219 N Alamo St
Ste 401
San Antonio, Texas 78205
210-705-3339

Re:   <u>In the Matter of PIP High Yield Initiative, NY-10922</u>

Dear Mr. Kraft:

  Records or information concerning your transactions held by the financial institution named in the attached subpoena are being sought by the United States Securities and Exchange Commission (the "Commission") in accordance with the Right to Financial Privacy Act of 1978, 12 U.S.C. 3401-22. On October 23, 2024, the Commission entered a formal order of investigation, "In the Matter of PIP High Yield Initiative." The attached subpoena was issued pursuant to the formal order of investigation, and the information sought is to assist the Commission in determining the issues set forth in the formal order of investigation. That order states that the Commission deems certain acts and practices to be in possible violation of: Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 thereunder. You may arrange to review a copy of the formal order, if you have not already done so, by contacting me.

  The authority for this investigation is: Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities and Exchange Act of 1934. If you desire a copy of the authority for this investigation, please contact me.

  If you desire that such records or information not be made available, you must:

(1) Fill out the accompanying motion paper and sworn statement or write one of your own, stating that you are the customer whose records are being requested by the Commission, and giving either the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

(2)     File the motion and sworn statement (together with the applicable filing fee) by mailing or delivering them to the Clerk of any one of the following United States District Courts:

    a. Southern District of New York

    b. District Court with jurisdiction over the financial institution.

    c. District Court with jurisdiction over your place of residence.

    d. Any other District Court that is appropriate under 28 U.S.C. 1391(e).

(It would simplify the proceeding if you would include with your motion and sworn statement a copy of the attached subpoena, as well as a copy of this notice. We ask that you also forward to the following email address – RFPA@sec.gov – a copy of any RFPA challenge you file in court.)

(3)     Serve the Commission by mailing (by registered or certified mail) or by delivering a copy of your motion and sworn statement to:

> Liora Sukhatme, Esq.
> Assistant Regional Director
> New York Regional Office
> Securities and Exchange Commission
> 100 Pearl Street, Suite 20-100
> New York, NY 10004-2616

and

> Melinda Hardy, Esq.
> Assistant General Counsel
> Securities and Exchange Commission
> 100 F St., N.E.
> Washington, D. C. 20549

(4)     Be prepared to come to court and present your position in further detail.

(5)     You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you do not follow the above procedures, upon the expiration of the earlier of ten days from the date of service or fourteen days from the mailing of this notice, the records or information requested therein will be made available to the Commission. These records may be transferred to other government authorities for legitimate law enforcement inquiries, in which event (except as provided by law), you will be notified after the transfer.

Providing this notice to you shall not be construed as a waiver by the Commission of any right it may have to assert that the provisions of the Right to Financial Privacy Act of 1978 do not require such a notice.

Very truly yours,

/s/ Liora Sukhatme

Liora Sukhatme
Assistant Regional Director

Enclosures:

    Subpoena
    Instructions
    Motion Form
    Certificate of Service
    Sworn Statement Form

## INSTRUCTIONS FOR COMPLETING AND FILING THE
## ATTACHED MOTION AND SWORN STATEMENT

1. Except where signatures are required, the indicated information should be either typed or printed legibly in ink in the spaces provided on the enclosed motion and sworn statement forms. The information required for each space is described in parentheses after each space to be completed.

2. The most important part of your challenge application is the space on the "sworn statement" form, where you must state your reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated in the enclosed notice. You may also challenge the Commission's access to the financial records if you believe there has not been substantial compliance with the Right to Financial Privacy Act, or for any other reasons allowed under the law. You should state the facts that are the basis for your challenge as specifically as you can.

3. To file your challenge with the Court, either mail or deliver the original and one copy of your challenge papers together with cash, certified check, or money order for the applicable fee to the Clerk of the appropriate U.S. District Court. (Courts may charge varying filing fees; you should contact the Clerk of the Court to determine the exact amount.)

4. One copy of your challenge papers (motion and sworn statement) must be delivered or mailed (by registered or certified mail) to the Commission officials whose names appear on the Customer Notice. These papers must be received by those officials on or before the earlier of 14 days after the date of mailing of the subpoena or 10 days after delivery for your rights under the Right to Financial Privacy Act to be preserved.

5. If you have further questions, contact the Commission officials whose names and telephone numbers appear on the Customer Notice.

IN THE UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____

_____ (Your Name),
         Movant

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
         Respondent

SA24MC1366 OG

MOTION FOR ORDER
PURSUANT TO CUSTOMER CHALLENGE PROVISIONS
OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

I, _____, (your name) move this Court, pursuant to Section 1110 of the Right to Financial Privacy Act of 1978, 12 U.S.C. 3410, for an order preventing the government from obtaining access to my financial records. The agency seeking access is the United States Securities and Exchange Commission.

My financial records are held by
_____
_____
_____ (name and address of financial institution).

I have attached my sworn statement in support of this motion.

                                        Respectfully submitted,

                                        _____
                                        _____
                                        _____

                                        (Your Signature, Name, Address,
                                            and Telephone Number)

## CERTIFICATE OF SERVICE

      I declare under penalty of perjury that I have mailed or delivered a copy of the attached motion and sworn statement to _____ (names of officials listed at Item 3 of Customer Notice) on _____ (date).

                                                       _____
                                                           (Signature)

IN THE UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____

_____ (Your Name),
    Movant

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
    Respondent

I, _____ (your name), (am now/was previously) a customer of _____
_____ (name and address of financial institution) and I am the customer whose records are being requested by the United States Securities and Exchange Commission.

The financial records sought by the United States Securities and Exchange Commission are not relevant to the legitimate law enforcement inquiry stated in the Customer Notice that was sent to me because



or should not be disclosed because there has not been substantial compliance with the Right to Financial Privacy Act of 1978 in that



or should not be disclosed on the following other legal basis:



I declare under penalty of perjury that this statement foregoing is true and correct.

                                                        _____
                                                            (signature)

Dated: _____



**NEW YORK
REGIONAL OFFICE**

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

November 18, 2024

**VIA Electronic Mail (locrophoneteam@bofa.com)**
Bank of America, N.A.
Legal Order and Case Resolution Operations
DE5-024-02-08
Christiana IV
800 Samoset Drive
Newark, DE 19713

Re:   In the Matter of PIP High Yield Initiative, NY-10922

Dear Sirs/Madams:

The enclosed subpoena has been issued pursuant to a formal order entered by the United States Securities and Exchange Commission. The subpoena requires Bank of America, N.A. to produce documents.

As this is a federal civil law enforcement investigation, which is non-public and confidential (see 17 CFR §203.5), we ask that you respond without providing notification of this subpoena or this investigation to any of the account holders that are the subject of our subpoena. If you are **not** willing to comply with this request, please contact us prior to providing any such notice.

Unless otherwise indicated, the subpoena requires the production of original materials. For your convenience and at your expense, however, you may for now satisfy this requirement by producing copies of the documents specified. If you do produce copies, you should maintain the originals. I will notify you if and when they are required.

Copies of documents and information maintained in electronic formats must be produced in compliance with the technical requirements set out in the attached copy of the SEC's Data Delivery Standards. These standards require the production of (1) electronic account transaction data in spreadsheet compatible form, and (2) electronic images for all requested documents. You should contact me prior to production in an electronic format other than those identified in the Data Delivery Standards.

Certain of the information called for by the subpoena may constitute "financial records" of a "customer" within the meaning of the Right to Financial Privacy Act of 1978 [12 U.S.C. 3401-22] (the "RFPA"). Pursuant to Section 1103(b) of the RFPA [12 U.S.C.

**3403(b)], you may not release these records to us until I have furnished you with a certificate of compliance with the applicable provisions of that act. I expect to send you such a certificate in approximately 14 days.**

Please send the documents required by the subpoena to:

ENF-CPU (U.S. Securities & Exchange Commission)
14420 ALBEMARLE POINT PL
Suite 102
CHANTILLY, VA 20151-1750

Smaller electronic productions (under 10MB) may be sent to the following e-mail address: ENF-CPU@sec.gov. Passwords for documents, files, compressed archives or encrypted media should be sent separately, either to ENF-CPU or by e-mail to ENF-CPU@sec.gov. Please also provide a courtesy copy or a copy of your document production cover letter to fensterstockl@sec.gov.

Please consecutively number and mark each document produced with a symbol that identifies it as being produced by you; provide an index that briefly identifies each document; and provide a statement whether a diligent search has been made for, and whether you have produced, all information requested. If any requested document is not produced, please submit a list of all such documents that contains: the document date; a brief description; the identity of the author(s); the identity of all persons who were provided with either the original or copies of the document or who were informed of its substance; and the reason for failing to produce the document.

I have attached a Declaration Certifying Records; execution of the declaration may allow the Commission to introduce documents provided by Bank of America, N.A. in any subsequent judicial proceeding, without requiring the testimony of your custodian of records should the documents be required at trial.

Pursuant to Section 1115 of the RFPA [12 U.S.C. 3415], you may be entitled to reimbursement for certain costs incurred in complying with this subpoena. In order to obtain reimbursement, you must submit an itemized bill or invoice to me; I ask that you submit your invoice within 30 days after production.

This inquiry is confidential and should not be construed as an indication by the Commission or its staff that any violation of law has occurred, nor as a reflection upon any person, entity, or security. If you have any questions concerning this matter, you may contact Laurel Fensterstock at 212-336-0560.

Very truly yours,

/s/ Liora Sukhatme

Liora Sukhatme
Assistant Regional Director

Enclosures:   Subpoena and Attachment
SEC Data Delivery Standards
SEC Form 1662
Declaration Certifying Records



## SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

**In the Matter of PIP High Yield Initiative (NY-10922)**

| | |
|---|---|
| To: | Bank of America, N.A.<br>Legal Order and Case Resolution Operations<br>DE5-024-02-08<br>Christiana IV<br>800 Samoset Drive<br>Newark, DE 19713<br>Fax: (980) 233-7070<br>locrophoneteam@bofa.com |
| ☒ | **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below: |
| | ENF-CPU, U.S. Securities and Exchange Commission, 14420 Albemarle Point Plaza, Suite 102, Chantilly, VA 20151-1750, no later than December 9, 2024 at 5:00 p.m. |
| ☐ | **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below: |

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
If you do not comply with this subpoena, the SEC may bring an action in Federal Court to enforce this subpoena. Failure to comply with a court order enforcing this subpoena may result in the court imposing a fine, imprisonment, or both.

By: /s/ Liora Sukhatme                                              Date: 11-18-2024
Liora Sukhatme, Assistant Regional Director
U.S. Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under: Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.
NOTICE TO WITNESS: If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

**In the Matter of PIP High Yield Initiative (NY-10922)**
**November 18, 2024**

**SUBPOENA ATTACHMENT FOR**
**Bank of America, N.A.**

A.  **DEFINITIONS & INSTRUCTIONS:**

   1. The term **"Bank of America"** means **Bank of America, N.A.** and all of its corporate parents, limited partners, general partners, subsidiaries, divisions, affiliates, predecessors, successors, as well as trade names, or business names used by, or formerly used by, **Bank of America.**

   2. Reference to an **Entity** shall also include that entity's corporate parents, subsidiaries, affiliates, predecessors, and successors, as well as trade names, or business names used by, or formerly used by the entity.

   3. The term **"Document"** includes any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

   4. The term **"Communication"** means any correspondence, contact, discussion, e-mail, instant message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a Document or Documents.

   5. The term **"Concerning"** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, analyzing or reflecting.

   6. The following rules of construction apply to this attachment:

   a. the functional words "**any**" and "**all**" shall be deemed to include the other functional word;

   b. the connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the attachment all responses that might otherwise be construed to be outside of its scope;

   c. the use of the singular form of any word includes the plural and vice versa; and

   d. the term "**including**" means including, but not limited to.

7. Please put an identifying notation on each page of each document to indicate that it was produced by your bank, produced in this matter, and the page number of all the documents submitted.

8. The term "**Relevant Period**" shall mean the time period beginning **November 1, 2022**. Please produce documents from **November 1, 2022** to and including the date of this subpoena.

B. **DOCUMENTS TO BE PRODUCED**

Produce all Documents identified below (electronically, pursuant to the Commission's Data Delivery Standards) for the Relevant Period concerning any account in the name of (including, but not limited to, any known account numbers listed below):

| # | Name | Address | Taxpayer ID | Account# (if known) |
|---|------|---------|-------------|---------------------|
| 1 | John W. Kraft | 700 N. St. Mary's Street Suite 1400 San Antonio, Texas 78205 210-735-1000 | | |

1. Electronic file of all account transaction data in either **MS Excel spreadsheet file format or in a Delimited Text file format with a preferred delimiter of a vertical bar "|"**.

2. Electronic image of all account opening and authority information, including, but not limited to, <u>new account applications and attachments or exhibits thereto, corporate or partnership resolutions, and all signature cards, regardless of when created, prepared, received, or otherwise obtained</u>;

3. Electronic image of all monthly account statements;

4. Electronic image of all supporting documents for all account transactions in the monthly account statements including, but not limited to, the following: <u>canceled checks (front</u>

<u>and back); deposit slips and copies of the deposit items listed on the deposit slips; debit and credit notices; drafts of all manner; cashier's checks; official checks; money orders; certified checks; electronic fund transfer notices; wire transfer advices/notices and wire transfer instructions (including authorizations, memoranda, and confirmations);</u>

5. All Documents sufficient to identify all extensions of credit information including, but not limited to, the following: promissory notes; loan applications or agreements (including bank card and overdraft applications or agreements); guarantees; letters of credit; financial statements; security agreements; and collateral pledges.

6. All Documents sufficient to identify safety deposit boxes.

7. All Documents and Communications (including emails) between bank personnel and the account holder(s) or signatories concerning the accounts above.

8. All Documents sufficient to show online access to the accounts identified above including date, time, session length, transactions occurring during online session, and the ISP address used to access the account for each session.

Provided, however, that there shall **NOT** be produced in response to this subpoena any original of, copy of, or information known to have been derived from any record maintained by Bank of America in relation to an account in the name of a "customer" other than John W. Kraft specifically referred to in the subpoena pursuant to the Right to Financial Privacy Act of 1978 (12 U.S.C. §§ 3401-3423) (the "RFPA"). The term "financial institution" means any office of a bank, savings bank, card issuer as defined in section 1602(n) of title 15, industrial loan company, trust company, savings association, building and loan, or homestead association (including cooperative banks), credit union, or consumer finance institution, located in any State or territory of the United States, the District of Columbia, Puerto Rico, Guam, American Samoa, or the Virgin Islands. The term "customer" is limited to any individual, sole proprietorship, or partnership of five or fewer individuals, or authorized representative of that individual, sole proprietorship, or partnership, who utilized or is utilizing any service of a "financial institution," or for whom a "financial institution" is acting or has acted as a fiduciary, in relation to an account maintained in such individual's, sole proprietorship's, or partnership's name. The term "customer" does not include: (i) any trust or corporation; (ii) any partnership that has more than five members or that has as a member any trust or corporation; (iii) any person that holds an account jointly with any person whose records are otherwise called for by this subpoena; nor (iv) any other person, with respect to any records (including cashier's checks, money orders and documents maintained in relation to the issuance thereof) not maintained in relation to an account in the name of that person.

[FOR DOMESTIC U.S. RECORDS]

## DECLARATION OF [*Insert Name*] CERTIFYING RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY

I, the undersigned, [*insert name*], pursuant to 28 U.S.C. § 1746, declare that:

1. I am employed by [*insert name of company*] as [*insert position*] and by reason of my position am authorized and qualified to make this declaration. [*if possible supply additional information as to how person is qualified to make declaration, e.g., I am custodian of records, I am familiar with the company's recordkeeping practices or systems, etc.*]

2. I further certify that the documents [*attached hereto or submitted herewith*] and stamped [*insert bates range*] are true copies of records that were:

    (a) made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;

    (b) kept in the course of regularly conducted business activity; and

    (c) made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on [*date*].

_____
[*Name*]